IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 1:25-CR-307-RDA |
| SOHAIB AKHTER | : | |
| a/k/a SUHAIB AKHTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DEFENDANT SOHAIB AKHTER'S MOTION FOR NEW TRIAL
ON COUNT ONE OF THE SUPERSEDING INDICTMENT

COMES NOW, Defendant SOHAIB AKHTER, by counsel, pursuant to *Fed. R. Crim. P. 33,* and moves for a new trial on Count One of the Superseding Indictment.

*RELEVANT PROCEDURAL BACKGROUND*

1.      On November 13, 2025, Defendant Sohaib Akhter ("Sohaib") was indicted on Count One - Conspiracy to Commit Computer Fraud and Destroy Records, and Count Seven - Password Trafficking.  Dkt. 1.

2.      In the Indictment, Sohaib's brother and co-conspirator, Muneeb Akhter ("Muneeb"), was indicted on Count One - Conspiracy to Commit Computer Fraud and Destroy Records, Count Two – Intentional Damage to a Protected Computer Without Authorization, Count Three – Obtaining Information from Computer Without Authorization, Count Four - Theft of United States Government Records, and Counts Five and Six– Aggravated Identity Theft.

3.      On January 15, 2026, the Superseding Indictment adding additional charges was returned.  As to Sohaib, the Superseding Indictment added Count Eight - Possession of a Firearm by a Prohibited Person, and Count Thirteen - Witness Tampering.  As to Muneeb, the

Superseding Indictment added Counts Nine and Ten – Wire Fraud, Count 11 – Aggravated Identity Theft, and Count 12 – Possession of 15 or More Unauthorized Access Devices.  Dkt. 41.

4.      On April 15, 2026, the parties appeared for both Defendants' plea hearing.  Both Defendants signed their respective Plea Agreements and Statements of Fact at the hearing.

5.      On Muneeb's plea, the Court heard the government's *prima facie* case, and conducted its colloquy. The Court accepted the plea and convicted Muneeb.  He is set to appear before the Court on August 12, 2026 for sentencing.

6.      After Muneeb's plea hearing, the Court conducted its plea colloquy with Sohaib, during which Sohaib denied that his execution of the plea agreement was freely and voluntarily made.

7.      The Court did not accept Sohaib's plea, and set the case for trial on Counts One, Seven, Eight, and Thirteen of the Superseding Indictment.

8.       On April 13, 2026, the government provided its proposed jury instructions to defendant's counsel via email.  On April 16, 2026, Sohaib, by counsel, provided the government his proposed jury instructions via email.

9.      On April 16, 2026, the government and Sohaib conferred regarding each party's proposed jury instructions.  Among the disputed jury instructions was the government's *Instruction No. QQ, Aiding & Abetting - Explained*, and Sohaib's proposed modified *Instruction No. 43 - Conspiracy to Aid & Abet [SIC]*.  Dkt. 121.

10.      On April 17, 2026, Sohaib filed *Defendant Sohaib Ahkter's Motion to Proceed Pro Se, and to Relegate His Appointed Counsel to Standby Counsel.*  Dkt. 78.

11.      On April 20, 2026, Sohaib, by counsel, filed *Defendant Sohaib Akhter's Objections and Argument Regarding Disputed Jury Instructions*.  Dkt. 88.

12.     On April 20, 2026, the Government filed *United States' Objections to Defendant's Proposed Jury Instructions*.   Dkt. 92.

13.     On April 22, 2026, the parties appeared before the Court on Sohaib's *Motion to Proceed Pro Se, and to Relegate his Appointed Counsel to Standby Counsel.*  The Court conducted a *Faretta* hearing.  Finding that Sohaib's motion to proceed *pro se* was intelligently, voluntarily, and knowingly made, the Court granted Sohaib's motion.  The Court also granted Sohaib's motion to appoint the undersigned as standby counsel.

14.     On April 29, 2026, at the pre-trial hearing, pre-trial motions were heard.  With respect to jury instructions, the Court took the proposed and disputed instructions under advisement.  Dkt. 113.

15.     On May 1, 2026, the government filed its proposed jury instructions and disputed jury instructions.  Dkt. 120 and 121.   The disputed jury instructions included the government's Instruction No. QQ and Sohaib's Instruction No. 43, attached hereto as *Exhibit A - Gov. Instruction No. QQ, Aiding and Abetting - Explained; and Exhibit B – Sohaib's Instruction No. 43 – Conspiring to Aid & Abet [SIC].*

16.     On May 4, 2026, Sohaib proceeded to trial *pro se*, with the undersigned as his standby counsel.

17.     On May 6, 2026, after the close of all the evidence, the Court instructed the jury with the jury instructions submitted by the government, including its *Instruction No. QQ, Aiding and Abetting - Explained*.  The jury then retired to deliberate.

18.     On May 6, 2026, after the close of all the evidence, Sohaib made an oral motion to discontinue proceeding *pro se*, and requested that his standby counsel be re-appointed from then on through sentencing.

19.    The Court conducted its colloquy to establish whether Sohaib was now knowingly and voluntarily waiving his right to proceed *pro se*.  The Court granted Sohaib's oral motion for re-appointment of the undersigned as Sohaib's counsel of record.

20.    While the jury was deliberating, Sohaib, now by counsel, objected to the government's *Instruction No. QQ, Aiding and Abetting - Explained*.  The Court reminded counsel that Sohaib may have waived his right to such an objection.  Nevertheless, the Court ruled that if the jury submitted any question to the Court about Instruction No. QQ or aiding and abetting, it would permit counsel to address the issue again at that time.

21.    No question was submitted to the Court by the jury.

22.    On May 7, 2026, the jury returned a verdict of guilty to Count 1 – Conspiracy, Count 7 - Password Trafficking, and Count 8 - Possession of Firearm by Prohibited Person.  Sohaib was found not guilty of Count 13 - Witness Tampering.

23.    Sohaib's sentencing is set for September 9, 2026.

*ARGUMENTS*

Sohaib timely objected to the government's Instruction No. QQ during the parties' exchange of jury instructions.  Sohaib's specific objection to Instruction No. QQ, and the grounds for the objection, were stated in *Defendant Sohaib Akhter's Objections and Argument Regarding Disputed Jury Instruction*, filed on April 20, 2026.  Dkt. 88.

**I.    Sohaib timely informed the Court of his objection, and the grounds for his objection, to the government's Instruction No. QQ, thereby affording him the right to seek a new trial.**

A party with objections to any portion of the jury instructions must inform the court of the specific objection and the basis for the objection before the jury retires.  Similarly, objections for failure to give a requested instruction are subject to *Fed. R. Crim. P. 30(d),* which states:

4

(d) Objections to Instructions. A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. An opportunity must be given to object out of the jury's hearing and, on request, out of the jury's presence. Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).

On April 20, 2026, Sohaib filed his objections to the government's No. Instruction QQ, and informed the Court of the parties' dispute over Instruction No. QQ and Instruction No. 43. Dkt. 88.  On May 1, 2026, the government filed its proposed Jury Instructions that were agreed upon, and those which were disputed, including Instruction No. QQ and Instruction No. 43.  Dkt. 121.

During the third day of trial, the Court conducted a jury instruction conference.  Sohaib did not raise, or renew, his objection to the government's proposed Instruction No. QQ.  At the close of all evidence, the Court instructed the jury, including the government's proposed Instruction No. QQ - Aiding & Abetting - Explained.

By the foregoing pleadings and instructions filed with the Court, including Sohaib's modified Instruction No. 43, the Court was informed of the disputed Instruction No. QQ and Instruction No. 43.  The government's Instruction No. QQ was included in the disputed instructions, along with Sohaib's proposed Instruction No. 43 – Conspiring to Aid & Abet *[SIC]*. Dkt. 121.

Having complied with *Fed. R. Crim. P. 30(d),* Sohaib's objection to the government's proposed Instruction No. QQ and the grounds thereof were sufficiently preserved for this Court's consideration of this post-trial motion for a new trial.

**II.    Should the Court find that Sohaib did not comply with *Fed. R. Crim P. 30*, a motion for a new trial pursuant to *Fed. R. Crim. P. 33* does not prohibit, nor otherwise restrict, this Court from considering Sohaib's motion for a new trial in the interest of justice.**

*Fed. R. Crim P. 33* states,

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

> (b) Time to File.

>> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

>> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

In *United States v. Jennings, 438 F. Supp. 2d 637 (E.D. Va., 2006)*, this Court addressed *Fed. R. Crim. P. 30* and *33* and the issue of whether a defendant is ineligible to move for a new trial when he fails to timely object to the jury instruction prior to the jury retiring to deliberate. In *Jennings*, the defendant failed to object to a jury instruction regarding his knowledge of the victim's age. Moreover, the defendant agreed to the jury instruction at issue until after the verdict, when he moved for a new trial based upon the jury's consideration of the jury instruction at issue. *Id. at 640.*

This Court found that, "the interest of justice," in the context of *Fed. R. Crim P. 33*, is "unmistakably clear and granting a new trial is discretionary, and the cases reflect that this discretion should be exercised where it is demonstrated that the fundamental fairness or integrity of the trial is discretionary." *Id. at 642.* The Hon. T. S. Ellis, III, also noted, "[Y]et, there appears to be no authority, in this circuit or elsewhere, squarely addressing whether a failure to object to

6

a jury instruction at trial on the ground that the jury instruction wrongly states the law renders a defendant ineligible to move for a new trial on this ground." *Id.*

**III.  Instruction No. QQ substantially affected Sohaib's substantive rights because conspiring to aid and abet is distinct from the broader application of aiding and abetting.**

Based upon the evidence and testimony at trial, the jury could have found beyond a reasonable doubt that Sohaib aided and assisted Muneeb to knowingly cause damages to a protected computer, as alleged.  Similarly, the jury could have found beyond a reasonable doubt that Sohaib aided and assisted Muneeb to alter or destroy records or documents with the intent to obstruct or impede a criminal investigation, as alleged.

However, it is equally plausible or likely that the jury reached a verdict to find Sohaib guilty of Count I - Conspiracy, solely guided by Instruction No. QQ.  Instruction No. QQ inadequately identifies the elements of the offense of conspiring to aid and abet, and thereby constructively alters the Indictment for *conspiracy* to aid and abet.

A person may be liable as a procuring cause or as an aider and abettor in the commission of a criminal offense without having entered into a conspiratorial agreement with the principal offender. *United States v. Beck, 615 F.2d 441, 449 (7th Cir. 1980); United States v. Krogstad, 576 F.2d 22, 29 (3rd Cir. 1978)*.  A defendant can incur criminal liability by aiding and abetting (inducing, procuring, or facilitating another's commission of a criminal act) the commission of a crime independently of, and without the existence of, any conspiracy between him and the principal. *Id.*

"It is this fact, indeed, that distinguishes aid and abet liability from conspiracy. Conspiracy requires proof of agreement, aiding and abetting does not." *United States v. Cowart, 595 F.2d 1023 (5th Cir. 1979)*. "Aiding and abetting has a broader application (than conspiracy).

It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy." _Nye & Nissen v. United States_, 336 U.S. 613, 620, 69 S. Ct. 766, 770, 93 L. Ed. 919 (1949). They are two distinct theories of criminal liability that are often conflated but require different elements of proof. _Beck at 449._

In this case, the jury was instructed on aiding and abetting rather than Sohaib's proposed Instruction No. 43, which modifies the government's Instruction No. QQ by adding the elements of conspiracy to the government's standard Aiding and Abetting Instruction.

> If the district court, through its instructions, broadens the bases of conviction beyond those charged in the indictment, a constructive amendment - sometimes referred to as a fatal variance - occurs. Put differently, the Grand Jury Clause is violated when the indictment is effectively altered to change the elements of the offense charged, such that a defendant is actually convicted of a crime other than that charged in the indictment.
>
> _United States v. Omar Kareem Banks_, 29 F.4th 168, 173-74 (4th Cir., 2022) (Internal quotation marks and citations omitted)

As recognized in _Nye & Nissen,_ through the broad application of aiding and abetting, without the elements of conspiracy, Sohaib is likely to have been found guilty of an offense other than that charged in the Superseding Indictment. As charged, conspiracy to aid and abet requires the proof of the essential elements of an agreement and an overt act in furtherance of the objective of the conspiracy. Sohaib is not charged with aiding and abetting. He is charged with conspiring to aid and abet Muneeb's commission of the underlying offenses charged against Muneeb under Count II of the Superseding Indictment. With respect to Count 1, the jury was not instructed on the key elements of conspiracy - agreement and overt act – with respect to aiding and abetting.

**IV.    Conclusion.**

Instruction No. QQ instructed the jury on aiding and abetting without the conspiracy elements.  The instruction provides for the broad application of aiding and abetting, which constructively amended the Superseding Indictment for conspiring to aid and abet.

This Court has the discretion to grant a new trial pursuant to *Fed. R. Crim. P. 33.* "Discretion should be exercised where it is demonstrated that the fundamental fairness or integrity of the trial result is substantially in doubt. The plain meaning of 'the interest of justice' would require no less." *Jennings* at 642.

WHEREFORE, Defendant Sohaib Akhter respectfully requests that the Court grant him a new trial on Count 1 of the Superseding Indictment, and as such other and further relief as this Court deems proper.

Respectfully submitted,

SOHAIB AKHTER,

By Counsel,

Date:  May 21, 2026

_____*/s/ Chong C. Park*_____
Chong C. Park, VSB No. 45733
Varsanik Park, PLLC
161 Fort Evans Road, N.E., Suite 235
Leesburg, Virginia 20176
Tel. 703.955.2776
cpark@vpnovalaw.com

<u>CERTIFICATE OF SERVICE</u>

      I, Chong C. Park, counsel of record for Defendant, Sohaib Akhter, in the above-styled and referenced matter, do hereby certify that I have this day filed the above and foregoing document with the Clerk of Court utilizing the ECF system, which sent notice of said filing to all counsel of record.

                                             <u>/s/ Chong C. Park</u>

10