IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MUNEEB AKHTER,<br><br>*Defendant.* | Criminal No. 1:25-CR-307<br><br>The Honorable Rossie D. Alston, Jr. |

**UNITED STATES' RESPONSE TO DEFENDANT'S PETITION TO PRESENT PROFFER RECORDING AND MEMORANDUM IN SUPPORT OF CALLING WITNESSES**

The United States of America, by and through its undersigned counsel, hereby files its response to Defendant Muneeb Akhter's *pro se* Petition to Present Proffer Recording and Subpoena Witnesses, Dkt. 191, and subsequently filed Subpoena Memorandum in Support of Calling Witnesses, Dkt. 197. The Government will make available to the Defendant the recording of his proffer session on April 14, 2026. The requested relief of compelling the government to present the recording is not warranted. The Government opposes the Defendant's intention to call Department of Justice Trial Attorney Robin Overby in support of his Petition.

**BACKGROUND**

On November 13, 2025, a Grand Jury sitting in Alexandria returned an indictment against the defendants, twin brothers Muneeb and Sohaib Akhter. Dkt. 1. A superseding indictment was returned on January 15, 2026. Dkt. 41. The superseding indictment charged Muneeb Akhter with conspiracy, two counts of computer fraud, theft of government records, three counts of aggravated identity theft, two counts of wire fraud, and access device fraud. *Id.*

Muneeb Akhter, through his counsel, requested a proffer session with the government and law enforcement agents. The proffer session was arranged on April 14, 2026. It was recorded. The Defendant, his then-counsel, and government counsel signed a standard proffer letter prior to the session commencing. Att. 1.[1] No promises were made during the meeting. Present at the meeting included the Defendant, his two then-defense counsel, each member of the prosecuting team, an Eastern District of Virginia civil Assistant United States Attorney, six special agents of various Offices of Inspector General, and Department of Justice Trial Attorney, Fraud Section, Robin Overby, whom the defendant has misidentified as a civil investigator.

The recording of the proffer session was listed as an exhibit at the trial of Sohaib Akhter. Dkt. 105. The Government has never denied the Defendant access to this recording.

Sohaib Akhter also requested a proffer session. When Sohaib Akther failed to plea the following day, his proffer session scheduled for the afternoon that day was cancelled.

On April 15, 2026, the Court held a hearing that lasted over an hour and provided the defendant with approximately 65 minutes to speak with his twin brother Sohaib Akhter, a co-defendant in this matter, as well as his *two* attorneys. *See* Dkt. 72 (stating that Court was in session on this matter from 11:07 a.m. to 11:25 a.m. and again from 12:30 p.m. to 1:23 p.m.).

During the 65-minute recess, Muneeb Akhter signed the plea agreement and a 13-page Statement of Facts, in which he admitted to deleting approximately 96 databases storing U.S. government information in February 2025, Dkt. 74 ¶ 10, and to conducting searches about deleting database logs. *Id.* ¶ 13. He drove from Alexandria to Texas six days later. *Id.* ¶ 30. Muneeb Akhter also admitted to copying approximately 1,805 files belonging to the Equal Employment Opportunity Commission (EEOC) to a USB drive. *Id.* ¶ 25. He admitted to

[1] The signed proffer letter has not yet been located. Witnesses present can attest to it was reviewed with Muneeb Akhter by counsel and signed without edits.

possessing and using the name, date, social security number, and passport of Victim-2 in August 2022, *id.* ¶ 34, and to engaging in a wire fraud scheme in 2025 in which he transferred approximately 5,400 valid usernames and passwords for an EEOC a web application and then used those credentials to attempt to access and access email and other online accounts of victims for his personal benefit, *id.* ¶¶ 36-37.

This Court held a thorough and complete Rule 11 colloquy following the 65-minute recess. *See* Dkt. 139 (hereinafter, "Hearing Tr.") at 14-46. Muneeb Akhter, who was represented by two defense attorneys, first stated he was satisfied with the services of counsel. *Id.* at 15. He raised his right hand and affirmed that he would tell the truth. *Id.* at 16. The Court asked if he was "ready to enter [his] plea of guilty to this," to which the defendant responded, "I am, Your Honor." *Id.* at 18. The defendant stated that he received a Master's degree from George Mason and that he had no problems reading, writing, or understanding English. *Id.* at 19.

The colloquy continued: The defendant stated he was not under the influence of narcotics, alcohol, or anything that could interfere with his ability to understand the proceedings, and he responded in the affirmative when the Court asked if he was "entirely satisfied with the services of [his] counsel." Hearing Tr. at 19. After explaining the charges and the elements, the Court asked the defendant whether he understood the elements the government would have to prove and whether he "had enough time to discuss with [his] lawyers any possible defenses [he] may have to these charges." *Id.* at 22. "I did," he replied. *Id.*

Then, Muneeb Akhter stated that he understood the maximum penalties and that he had discussed with his lawyer whether to enter a plea of guilty or not guilty. *Id.* at 23. The Court asked, "After these discussions, did you decide for yourself that you wanted to enter these pleas of guilty?" The defendant stated, "I have, Your Honor." *Id.* The Court asked if the defendant was

entering his guilty pleas "freely and of [his] own choosing," and the defendant stated, "Yes, yes, your honor." Hearing Tr. at 24. And the defendant acknowledged that he was entering his guilty pleas because he was "in fact guilty of these offenses." *Id.*

Of particular note here, the Court asked the defendant multiple times whether any promises were made to him outside the terms of the plea agreement. The Court stated:

> I want to make sure you're clear on that. Again, I know that these questions can sometimes be difficult and that this is a very tense situation, and I understand that and I'm sensitive to that, but I need to make sure that your answers are clear and voluntary. So I'm going to ask the question again. Have any promises been made to you by any person regarding your determination to enter this plea of guilty?

*Id.* at 24-25. The defendant responded: "No, Your Honor." *Id.* at 25. The Court then asked counsel to describe their interactions with the defendant. Mr. Goldman stated:

> We've reviewed, over the course of quite some time, the nature of the general agreement. We've gone through in detail multiple times the agreement that is in front of him right now. We've discussed it with him and we are fully -- we fully appreciate that he has had a chance to review that, understands the outcome of that, and is entering this freely and voluntarily.

*Id.* Ms. Robin, the defendant's other attorney, stated that this was also her understanding. *Id.*

The Court noted that this type of case "typically does not lend itself to probation" and Muneeb Akhter stated that he understood. Hearing Tr. at 26. And the defendant said he understood that by pleading guilty he was "waiving [his] right to a trial by jury in which [he] would have the presumption of innocence." *Id.* at 28.

After a factual recitation by the government, the defendant consulted with his attorneys and stated that he agreed with the facts. *Id.* at 38. He then agreed that he read and signed the statement of facts and reviewed it with counsel; that he read and signed the plea agreement and reviewed it with counsel; and that his attorneys were able to answer his questions. *Id.* at 38-39.

He also acknowledged reading and signing the Notice of Right to Appeal Sentence Under Limited Circumstances and that his attorneys were able to answer any questions. *Id.* at 40.

The defendant then confirmed twice that he understood the Court would later enter "a restitution order for the full amount of the victims' losses as determined by the Court, pursuant to 18 U.S.C. Section 3663A(c)(2)." Hearing Tr. at 42-43.

At the end of the colloquy, the Court again asked the defendant if he wanted to plead guilty. The Court stated, "I'm just asking one last follow-up question asking you, are you maintaining that you want to enter a plea of guilty to these offenses?" *Id.* at 45. The defendant replied, "I do want to enter a plea of guilty." *Id.* The Court yet again asked, "After having discussed the matter with your attorney, do you freely and voluntarily enter these pleas of guilty, waive your right to a trial by jury, and request the Court to hear all matters of law and fact?" *Id.* Muneeb Akhter replied, "Yes." *Id.* He then stated that he didn't have other questions for the Court or his counsel. *Id.* In total, this thorough plea colloquy lasted nearly 40 minutes, from approximately 12:14 p.m. to approximately 12:51 p.m. *See* Dkt. 80-3 at 15, 46 (draft transcript with approximate timestamps). The Court accepted Muneeb Akhter's guilty pleas. Dkt. 72; Hearing Tr. at 45-46.

On September 2, 2026, this Court held a *Faretta* hearing and, following a colloquy, granted the defendant's request to proceed *pro se*. *See* Dkts. 173 (minutes), 181 (order). The Court also appointed one of the defendant's former attorneys as standby counsel. *Id.*

On September 10, 2026, the defendant filed a *pro se* motion to "declare breach of plea or plea deficiency," which has been construed, along with subsequent filings, *see* Dkts. 175, 180, as a motion to withdraw his plea.[2]

---

[2] The government notes that as early as April 30, 2026, Muneeb Akhter filed and later withdrew *pro se* letters expressing a desire to withdraw his plea. *See* Dkts. 116, 127. At that time, he was represented by two attorneys but

Sentencing in this matter is currently scheduled for December 16, 2026. Dkt. 153.

On October 5, 2026, the Defendant filed a petition to compel the government to present the recording of his proffer session. He argues he refused to sign any plea unless a proffer session proceeded "to evaluate his good will, clear up any mischaracterizations of his actions and to potentially negotiate a pretrial diversion agreement or reduction by assisting the government in misconduct related to the government contracts handled by the company." Dkt. 191.

**ARGUMENT**

While the government does not holistically oppose the Defendant submitting as evidence the recording of his proffer session on April 14, 2026, he has failed to establish cause to compel the government to present such. It is his burden as movant, and it is his burden resolve the conflicting evidence between his recent assertion that promises were made to him, *see* Dkt. 191, compared to his dispelling of promises made to him during his plea colloquy. The recording of his proffer session will clarify these claims, and copies of the proffer recording have been and continue to be available for his use.

As to Trial Attorney Overby, the Defendant has failed to establish a basis for her testimony. He has repeatedly misidentified her as a "civil investigator." See Dkt. 197. She is a Trial Attorney with the Department of Justice working on a civil investigation into a company related to the Defendant's criminal prosecution. Any testimony of this attorney is cumulative with the presentation of any relevant portions of the recording of the proffer session, as well as six present law enforcement agents. Isolating a trial attorney to present cumulative evidence is

---

nevertheless filed these *pro se* letters. Through counsel, he moved to withdraw the letters shortly after they were docketed, *see* Dkt. 137, and the Court granted his request. Dkt. 144; *see also* Dkts. 141, 137-1. In withdrawing his letters, counsel stated that Muneeb Akhter "does not represent himself and does not wish to do so," and attached an exhibit confirming this. Dkt. 137 at 2. Counsel confirmed that the defendant "wishes to persist in his plea agreement and to continue his case for sentencing, at which time several issues relevant to appropriate punishment will be raised." *Id.*

unwarranted. Further, the Defendant purports the misidentified civil investigator will testify to the "state of the civil investigation" but fails to explain how that investigation bears on his claims. Without further basis, sensitive testimony about the status and activities of an open and ongoing fraud investigation is irrelevant to the Defendant's claims. The petition should be denied.

(continued on the next page)

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's motion in as much as it compels the government to present evidence on his behalf and deny the testimony of Trial Attorney Overby, but reserve ruling on the proffer session's admissibility. The government will continue to make the recording available to the Defendant.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Dated: October 8, 2026

By: /s/
Stefanie Schwartz
Vanessa Strobbe
Assistant United States Attorneys
Eastern District of Virginia

/s/
George Brown
Trial Attorney
Computer Crime and Intellectual Property Section
U.S. Department of Justice, Criminal Division
1301 New York Ave NW, Suite 600
Phone: (202) 514-3597
Email: george.brown@usdoj.gov