U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

April 14, 2026

Daniel Goldman
The Law Office of Daniel Goldman, PLLC
421 King St., Ste. 505
Alexandria, VA 22314
(202) 677-5709
*Counsel for Muneeb Akhter*

Joni Robin
Law Office of Joni C. Robin, PLLC
421 King St., Ste. 505
Alexandria, VA 22314
(703) 349-1111
*Counsel for Muneeb Akhter*

**Re: Proffer Letter – Muneeb Akhter**

Dear Attorneys Goldman and Robin:

This letter sets forth the terms and conditions under which your client, Muneeb Akhter, would be interviewed by the government about potential violations of federal criminal laws relating to the charges on which he was indicted in Case No. 1:25-CR-307. This agreement is only effective on the date it is signed, and does not apply to any interviews or statements that pre-date the agreement.

First, your client will answer all questions completely and truthfully, and will provide all information, documents, and records within your client's custody or control, or to which your client has access, that are related to the subject matter of the interview.

Second, except as provided below, in any prosecution brought by the United States against your client, no statements or other information provided by you or your client during the interview session will be admissible against your client in the government's case-in-chief or at sentencing. This paragraph will not apply, however, to statements or other information provided by you or your client regarding a crime of violence (as defined in 18 U.S.C. § 16(a)) or conspiracy to commit, or aiding and abetting, a crime of violence, other than the crime(s) referenced above.

Third, the United States will be permitted to make derivative use of, and pursue any investigative leads suggested by, any statements or information provided by your client. Such derivative information can be used against your client at any stage of any criminal or civil proceeding.

Fourth, the United States may use any statements made by your client as well as any information directly or indirectly derived from those statements: (a) in cross-examination if your client testifies in any civil or criminal proceeding; and (b) to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made by or on behalf of your client at any stage of any civil or criminal proceeding (including, but not limited to, detention hearing, other motions hearing, trial, or sentencing).

Fifth, if your client knowingly provides statements or information to the government that are false, misleading, or designed to obstruct justice, this agreement will be void and the government will be released from its obligations under the agreement. In that event, your client will be subject to prosecution for any violations of law including, but not limited to, false statements and obstruction of justice, as well as any offenses about which your client is interviewed. Any such prosecution could be premised upon any statement or information provided by your client at the interview session, and your client's statements and the information provided at that session could be used against your client for any purpose.

Sixth, it is understood by your client and the government that the interview session will not constitute compromise negotiations or plea discussions. If, however, the session is subsequently construed to have been an instance of compromise negotiations or plea discussions, your client knowingly and voluntarily waives all rights your client has pursuant to Federal Rules of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11(f) that would otherwise prohibit the use against your client of statements made during such negotiations or discussions.

Seventh, neither you nor your client will disclose to anyone, other than your client's family, the existence or nature of this agreement without prior consultation with the United States Attorney's Office or upon order of a court of competent jurisdiction.

Eighth, a determination about any alleged breach of this agreement will be made by a court of competent jurisdiction during a hearing at which the party alleging a breach will have the burden of proving the breach by a preponderance of the evidence.

Finally, your client's proffer is made in accordance with the understandings set forth herein. No promises, agreements, or understandings exist between the parties other than those set forth in this agreement, and no modification of this agreement will have effect unless executed in writing by the parties with the same formalities as in this agreement.

If your client wishes to be interviewed under the terms set forth above, please sign, and have your client sign, this letter as indicated below and return the original to me.

Sincerely,

J. Frank Bradsher
Executive Assistant U.S. Attorney

By: ______________________________
Vanessa Strobbe
Assistant United States Attorney

I have read the foregoing agreement in its entirety, I have discussed it with my attorney, and I have had it fully explained by my attorney. I voluntarily and knowingly agree to the terms set forth.

____________________________ ______________

Muneeb Akhter Date

I have discussed the foregoing agreement with my client and fully explained its terms to my client. To the best of my knowledge, my client voluntarily and knowingly agrees to the terms set forth.

____________________________ ______________

Daniel Goldman -or- Joni Robin Date