IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUNEEB AKHTER<br>a/k/a MICKEY AKHTER<br>a/k/a MUNIB AKHTER<br><br>Defendant | Case No. 1:25-cr-307 (RDA) |

**ORDER**

This matter comes before the Court on *pro se* Defendant Muneeb Akhter's ("Defendant") Petition to Present Proffer Recording and Subpoena Witnesses. Dkt. 191 (the "Motion"). The Court already granted the Motion in part, based on Defendant's request to have his former counsel testify regarding his plea. Dkt. 196. The Court further clarifies that by raising issues with respect to the knowingness and voluntariness of his plea as well as the advice he received from counsel, Defendant has waived his attorney-client privilege with respect to those specific conversations and decisions.

Defendant also seeks to require a production of the recording of his proffer session. Dkt. 191. The Government "does not holistically oppose the Defendant submitting as evidence the recording of his proffer session." Dkt. 198. The Government further asserts that the "recording of his proffer session will clarify [Defendant's] claims." *Id.* Although the Government is correct that Defendant has not met his burden to compel production of the proffer recording, because the Government concedes that it provides clarity on the issues raised by Defendant, the Court will direct the Government to provide it to the Court. The Court also notes that the Government has provided its Proffer Letter. Dkt. 198-1.

Defendant also seeks to compel the testimony of Robin Overby, who he identifies as a civil investigator. Dkt. 197; Dkt. 191. Ms. Overby is, however, not an investigator, but a Trial Attorney. Dkt.

198. Just as Defendant was entitled to certain attorney-client privileges when he was represented by counsel, the Government is also entitled attorney-client privilege with respect to its counsel – such as Ms. Overby. Moreover, where the Court has directed the Government to provide the Court with the recording of the proffer session, Defendant has not demonstrated a need for Ms. Overby's testimony in that regard. Additionally, to the extent, Defendant seeks to compel Ms. Overby to testify regarding on ongoing civil investigation, Defendant has not established an entitlement to the Government privileged discussions and work product in that regard.[1] It is unclear how the state of any civil investigation, to the extent it was not discussed and included on the proffer recording, bears on his decision to plead guilty.

Accordingly, it is hereby ORDERED that the Motion (Dkt. 191) is GRANTED-IN-PART and DENIED-IN-PART. The Motion is granted with respect to Defendant's own attorneys as previously discussed (Dkt. 196) and with respect to the proffer recording. The Motion is denied with respect to compelling any testimony from Ms. Overby; and it is

FURTHER ORDERED that the Government is DIRECTED to provide the Court with a copy of the proffer recording on a CD or USB drive, on or before Wednesday, October 21, 2026. The Clerk of the Court is directed to accept such electronic filing.

IT IS SO ORDERED.

Alexandria, Virginia
October 17, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

[1] In this regard, the Government is not only protected by attorney-client and work-product privilege, but the Government also enjoys certain deliberative process privileges regarding its decision-making.